## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DONNIE L. HARRIS, JR.,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. CIV 20-282-RAW-KEW** |
| | ) | |
| **JIM FARRIS, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION AND ORDER

Petitioner, a death-sentenced state prisoner, has filed a motion for equitable tolling of the statue of limitations for his petition for writ of habeas corpus (Dkt. 11). He alleges that pursuant to 28 U.S.C. § 2244(d)(1), the one-year limitation period for filing his habeas petition will expire on July 30, 2021. Petitioner argues that the ongoing COVID-19 pandemic is an extraordinary circumstance that constitutes a reason for equitable tolling of his filing deadline for 120 days until November 27, 2021. He also requests a corresponding extension of the discovery deadline.

Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Petitioner cites statistics concerning the frequency, nature, and severity of COVID-19 infections, noting that the Court's operations have been affected by the pandemic. Petitioner also asserts the pandemic has hampered his counsel's ability to effectively represent him. He specifically claims COVID-19 restrictions on prison visitation and COVID-19 symptoms within

Petitioner's facility have prevented them from conducting critical aspects of their representation, including face-to-face meetings with Petitioner and investigation of his case. As of the filing of this motion, Petitioner's lead counsel, Meghan LeFrancois, had not met Petitioner in person, and co-counsel, Tom Hird, had met Petitioner in person only once. Investigator Mark Jacobs has met Petitioner twice.   Petitioner's legal team have communicated with him many times by telephone, however, counsel asserts this method of communication insufficient to build rapport and trust.  Counsel also are concerned about the confidentiality of phone conversations, and they maintain the telephone calls do not allow for discussion of sensitive topics or observation of Petitioner's behavior.  Petitioner's legal team now are fully vaccinated, and they intend to begin meeting with him regularly after the COVID-19 outbreak at his facility is resolved.

Petitioner further alleges that his legal team has been unable to meet with witnesses because of the pandemic, because in-person interviews would risk the health and safety of the witnesses and their contacts.  He claims that an attempt by his legal team to meet in person with a witness under the circumstances of the pandemic could backfire and preclude future productive contact.  While some preliminary discussions with certain witnesses have been conducted by telephone, Petitioner contends telephone or video calls are an inadequate substitute for in-person, one-on-one interviews.  Also, phone calls do not guarantee privacy to the witness, do not promote rapport and trust, do not foster discussion of sensitive topics, and they deprive the interviewer of nonverbal cues and evidence.

Petitioner alleges the interruption of case preparation also affects his team's ability to consult with forensic science and mental health experts. Because consultation with Petitioner and interviews with witnesses have been delayed, the review of evidence by experts also may be delayed. In addition, the information gathered from Petitioner and witnesses may necessitate the collection of additional records.

Petitioner further alleges he has been pursuing his rights diligently. His team's work has included reviewing the original record, transcripts, and other files and records. They also have reviewed materials to prepare for witness interviews, consulted with prior counsel, visited the alleged crime scene, and met with a small number of witnesses outdoors and from a distance.

Finally, Petitioner asserts that other federal courts have granted equitable tolling of AEDPA's statute of limitations to death-sentenced habeas petitioners based on the COVID-19 pandemic. The following examples were cited:

*Mata v. Wasmer*, No. 8:20-cv-487-RFR-SMB (D. Neb. Feb. 22, 2021), ECF No. 15: After a death-sentenced petitioner filed a "protective" habeas corpus petition, the Court granted his motion for a stay and equitable tolling based on the pandemic to assess whether he had additional claims that could be asserted through an amended habeas petition. ("The pandemic has prompted other courts to grant this relief in habeas proceedings and the Court finds it particularly appropriate here given this is a death penalty case.").

The Court notes that the *Mata* case cites *Contreras v. Davis*, No.

1:19-cv-01523-AWI-SAB, 2020 WL 5588589 (E.D. Cal. Sept. 18, 2020).  In *Contreras*, another death penalty habeas case, the action was commenced by the petitioner's filing pro se requests to proceed *in forma pauperis* and for appointment of counsel.  *Id.*, 2020 WL 5588589, at *1.  The district court found that equitable tolling of the AEDPA limitations deadline was available prospectively and granted equitable tolling of the filing deadline of the petition, based on impediments arising from the COVID-19 pandemic.  *Id.*, 2020 WL at *3.

*Maury v. Davis*, No. 2:12-cv-1043 (E.D. Cal. Jan. 5, 2021), ECF No. 193:  After a death-sentenced petitioner filed a petition, the district court stayed the habeas proceeding and equitably tolled the statute of limitations for filing an amended petition.  The ruling was based on the increase in COVID-19 cases in the county where most witnesses to be interviewed resided, and because judges in the Eastern District of California had held in a number of cases that anticipatory equitable tolling is appropriate.  *Id.*, slip op. at 2.

*Biela v. Gittere*, No. 3:20-cv-26 (D. Nev. Dec. 1, 2020), ECF No. 27:  The district court granted the death-sentenced petitioner's unopposed motion for equitable tolling to file a second amended petition on account of restrictions arising from the COVID-19 pandemic.

*Cowan v. Davis*, No. 1:19-cv-745 (E.D. Cal. Nov. 6, 2020), ECF. No. 35:  The district court granted equitable tolling to a death-sentenced petitioner for filing an amended habeas petition, based on "the exceptional and extraordinary circumstances of the COVID-19

4

pandemic." *Id*. at 6.

*Brown v. Davis*, No. 1:19-cv-1796 (E.D. Cal. Aug. 27, 2020), ECF No. 26:  The district court granted a death-sentenced petitioner's motion for equitable tolling to file habeas corpus petition, because of delay in the appointment of federal habeas counsel and impediments arising from the COVID-19 pandemic.

*Hutto v. Cain*, No. 3:20-cv-98 (S.D. Miss. June 26, 2020), ECF 11:  The district court granted Petitioner's unopposed motion for equitable tolling or modification of current scheduling order to file habeas petition in light of the current COVID-19 pandemic.

*O'Malley v. Davis*, No. 5:19-cv-3872 (N.D. Cal. June 19, 2020), ECF No. 11:  The district court granted the petitioner's unopposed motion for equitable tolling to file habeas corpus petition, based on the global pandemic.

Respondent has filed an objection to Petitioner's motion, alleging this Court lacks jurisdiction to grant Petitioner's request for equitable tolling, because a habeas corpus petition has not been filed.  Respondent contends that even if this Court had jurisdiction to consider the request, Petitioner has not demonstrated he is entitled to equitable tolling.

Respondent also asserts that certain courts that have considered "pre-petition" motions for an extension of the statute of limitations have held that the court lacks subject matter jurisdiction to consider an extension of time based on a request for equitable tolling until the petition actually is filed.  The following examples were cited:

*Evans v. Fitch*, No. 1:20cv226-CWR, 2021  WL  151758 (S.D.  Miss.  Jan  17,

2021):  In a death penalty case, the district court acknowledged that the law on this issue is unsettled, however, in light of Fifth Circuit precedent, the Court held it did not have jurisdiction to grant pre-petition tolling for the petitioner (citing *United States v. McFarland*, 125 F. App'x 573 (5th Cir.  2005)).  Further, because the Fifth Circuit previously had rejected an untimely habeas petition in a death penalty action, "there [was] no question that an erroneous decision on this issue could have disastrous consequences." *Evans*, 2021 WL 151758, at *4 (citing *Nelson v. Quarterman*, 215 F. App'x 396 (5th Cir. 2007)).

*Terrell  v.  Director*, TDCJ-CID, No. 9:20cv14, 2020 WL 3637804, at *1 (E.D. Tex. Jul. 2, 2020):  In a § 2254 habeas action challenging a prison disciplinary conviction, the district court held that "[s]ection 2254 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations.  While the limitations period contained in section 2244 is subject to equitable tolling and statutory tolling in certain circumstances, a court lacks jurisdiction to consider the timeliness of a section 2254 petition until the petition is actually filed." (citations omitted).

In his reply to Respondent's response, Petitioner reiterates that other district courts have granted prospective equitable tolling in light of the COVID-19 pandemic (Dkt. 13 at 2). Further, "[t]he Supreme Court has not held that equitable tolling of the 28 U.S.C. § 2244 deadline is unavailable prior to filing of an untimely petition." *Id.* (quoting *Cowan v. Davis*, No. 1:19-cv-745, 2020 WL 4698968, at *3 (E.D. Cal. Aug.13, 2020) (citations omitted)). Petitioner also argues that because this Court has granted his request for appointment of

counsel, denied his motion to proceed *in forma pauperis*, ordered him to pay the filing fee, and issued a scheduling order, this clearly is an action in which equitable tolling could apply (Dkt. 13 at 3).

After careful review, the Court finds Petitioner has shown that he has been pursuing his rights diligently, and the extraordinary circumstances of the global pandemic have impeded his ability to file a timely habeas corpus petition. Nonetheless, because Petitioner is asking for equitable tolling before his petition has been filed, and because this issue is not settled in the Tenth Circuit, the Court "is inclined to 'take the more cautious approach'" and require Petitioner to file his petition before the statute of limitations has expired. *See Evans*, 2021 WL 151758, at *4. After Petitioner has filed his petition and upon a proper showing, the Court will "freely give leave" to amend the original petition pursuant to Fed. R. Civ. P. 15(a)(2). Cf.,

**ACCORDINGLY**, Petitioner's motion for equitable tolling of the statue of limitations for petition for wit of habeas corpus (Dkt. 11) is DENIED. Petitioner's request for an extension of the discovery deadline is DENIED without prejudice and may be re-urged in a separate motion in accordance with Local Civil Rule 7.1(b).

**IT IS SO ORDERED** this 27TH day of May 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

7