IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONNIE L. HARRIS, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 20-282-RAW-KEW |
| ) | |
| **JIM FARRIS, Warden,** ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on Petitioner's motion to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. (Dkt. 35). Under Rule 6(a), "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Pursuant to Rule 6(b), however, "[a] party requesting discovery must provide reasons for the request."

Petitioner alleges his amended habeas petition (Dkt. 34) raises claims of due process violations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Napue v. Illinois*, 360 U.S. 264, and their progeny. (Dkt. 35 at 1-2). His motion for discovery re-urges his discovery requests made in the state trial court on August 23, 2012. His other specific requests are as follows: (1) all law enforcement and Multi-County Grand Jury Unit files and documents concerning this case; (2) all law enforcement files and documents concerning all witnesses on the State's witness list or presented at trial; (3) all documents reflecting inconsistencies in state trial witness communications, statements, and records; (4) the Office of the

Oklahoma State Fire Marshal (OSFM) file related to the investigation of the fire at issue in this case; (5) all files and documents setting forth any manuals, policies, procedures, or protocols concerning ex parte communications with LeFlore County District Court and the court's open access to records and exhibits; (6) all law enforcement files or documents concerning plea negotiations concerning this case; (7) all documents concerning OSFM Agent Tony Rust's misconduct in his capacity as a private citizen or a government employee; (8) all policies, protocols, and manuals distributed by OSFM from 2006 to present regarding the investigation of fires; (9) all performance reviews, including all Performance Management Programs, of Agent Rust; (10) all instances of written or verbal reprimands of Agent Rust; (11) all documents concerning any written or verbal reprimand of Agent Rust, including his 2009 reprimand; (12) all documents related to any investigation of Agent Rust, including but not limited to investigations by OSFM and the Multi-County Grand Jury Unit; (13) all personnel documents regarding Agent Rust (from all government agencies that employed him, including but not limited to the LeFlore County District Attorney's Office, OSFM, Pauls Valley Fire Department, Pauls Valley Public Schools, Talihina Public Schools, Madill Public Schools, and the State Insurance Fund), including (a) employment applications; (b) degree(s) obtained and the curriculum on his transcript(s); (c) dates of employment, title or position; (d) disciplinary action resulting in loss of pay, suspension; demotion of position, or termination; (e) master file and supervision file; (f) employee evaluations; (g) salary; (h) records relating to misconduct, including any results/findings

2

related to informal or formal investigations of misconduct; (i) documents relating to training; (j) certifications obtained; and (k) names of supervisors; (14) list of all instances in which Agent Rust appeared or received a subpoena to appear in court; (15) list of all criminal cases in which Agent Rust was involved with the investigation; (16) all transcripts of testimony given by Agent Rust in his capacity as a government employee; (17) all documents related to instances in which Agent Rust's findings or testimony were disputed by another fire investigator or other person, in court, or otherwise; (18) all documents related to instances in which Agent Rust determined a fire was incendiary and/or caused by arson; (19) all documents showing any instances where Agent Rust failed to act in accordance with his training or protocol; (20) all documents related to the "Redbud Dr." fire referenced in Agent Rust's 2009 Performance Management Plan; (21) list of all training Agent Rust has completed; (22) all documents reflecting the location, at any point, of State's Trial Exhibit 9 (the cigarette lighter) and any other evidence in this case; (23) list of all people who may have knowledge of the location, at any point, of State's Trial Exhibit 9 and any other evidence in this case; (24) all documents relating to Agent Rust's loss, misplacement, or mishandling of evidence in other cases; and (25) all documents relating to EMT Derrick Cheely's involvement in and knowledge of this case. (Dkt. 35 at 6-9).

The motion also includes 17 interrogatories that mostly concern OSFM Agent Tony Rust. *Id.* at 9-11. In addition, the interrogatories ask about the prosecution of Kristy Kay Kisselburg in Sequoyah County Case No. CF-2009-493 and EMT Cheely.

Petitioner alleges trial counsel filed a detailed pretrial discovery motion that covered OSFM Agent Tony Rust's OSFM employment, along with Assistant District Attorney Margaret Nicholson's personal knowledge regarding Rust's competence and credibility. Petitioner now claims that despite his specific, formal discovery requests, the State failed to provide all responsive material, prejudicing his proceedings. Petitioner notes that "the Supreme Court has interpreted *Brady* broadly, in order to provide an incentive for the government to initiate 'procedures and regulations' to carry the prosecutor's 'duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.'" *United States v. Combs*, 267 F.3d 1167, 1174-75 (10th Cir. 2001) (quoting *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995)) (emphasis omitted).

Respondent has filed a response to Petitioner's motion for discovery, alleging Petitioner has failed to comply with Rule 6(b) of the Rules Governing Section 2254 Cases, which requires the requesting party to "provide reasons for the requests." (Dkt. 41 at 4). While Petitioner contends his discovery requests relate to *Brady* claims (Ground III of the petition) and *Napue* claims (Ground IV of the petition), he has not provided a single reason why he needs the information requested. Respondent also asserts Petitioner's requests for documentation and interrogatories relating to Agent Tony Rust (Requests for Production Nos. 1, 3-4, 7-21; Interrogatory Nos. 1-3, 5-15) presumably relate to Petitioner's *Brady* and *Naupe* claims raised in Grounds III and IV, respectively. Respondent contends that, as asserted in Respondent's response to the amended habeas petition, Petitioner's *Brady* claim,

4

as it is raised in the amended habeas petition, is unexhausted and subject to an anticipatory bar. Respondent further argues that Petitioner's *Napue* claim also is unexhausted as it was not raised to the Oklahoma Court of Criminal Appeals (OCCA) until Petitioner's second application for post-conviction relief, and it also is subject to an anticipatory bar. Therefore, any discovery related to these issues would not properly be before this Court. *See Williams v. Bagley*, 380 F.3d 932, 975-76 (6th Cir. 2004), *cert. denied*, 544 U.S. 1003 (2005) (finding no error in district court's denial of discovery on procedurally defaulted ineffective assistance of counsel claims); *Greene v. McDaniel*, No. 2:07-cv-0304-RLH-GWF, 2009 WL 311168, at *4-5 (D. Nev. Feb. 6, 2006) (unpublished) (discovery motion denied where the petitioner's claims were unexhausted); *Sherman v. McDaniel*, 333 F. Supp. 2d 960, 969-970 (D. Nev. 2004) (denying discovery on unexhausted claims because allowing discovery "would tend to undermine the exhaustion requirement, and the doctrine of federal-state comity on which it rests"). Petitioner has not filed a reply to Respondent's response.

"Habeas petitioners have no right to automatic discovery." *Williams*, 380 F.3d at 974 (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Rule 6 incorporates the principle that a court must provide discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09. *See also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) ("Rule 6, which permits the district court to order discovery on good cause shown, does not

5

authorize fishing expeditions.") (footnote omitted); *Barrett v. United States*, No. 09-CIV-105-JHP, 2009 WL 2982670, at*2 (E.D. Okla. Sept. 11, 2009) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.") (quoting *Calderon v. United States Dist. Ct.*, 98 F.3d 1102, 1106 (9th Cir. 1996)).

Respondent argues that even if this Court determines the *Brady* claim was exhausted, and that the claim raised by Petitioner in the amended petition does not transform the argument made on direct appeal into a new claim, this Court must deny the request because the *Brady* claim was adjudicated on the merits by the OCCA. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

In addition, Respondent maintains that with respect to the *Brady* claim and the unexhausted *Napue* claim, this Court must deny Petitioner's discovery request, because he has not shown diligence. Although Petitioner raised a *Brady* claim on direct appeal, he made no attempt to obtain the information now sought in discovery on habeas. "Only when a petitioner diligently sought to develop the factual basis of a habeas claim in state court can he utilize the procedures set out in Rules 6 and 7." *Hooks v. Workman*, 606 F.3d 715, 730 n.14 (10th Cir. 2010). *See also Fairchild v. Workman*, 579 F.3d 1134, 1145 (10th Cir. 2009). ("To determine diligence, we look to a petitioner's efforts to develop facts in compliance with state law.") (citing *Barkell v. Crouse*, 468 F.3d 684, 694 (10th Cir. 2006)); 28 U.S.C. §2254(e)(2).

6

Furthermore, Petitioner's request for information related to the location of State's Trial Exhibit 9 (Request Nos. 22-24; Interrogatory No. 4), presumably relates to the unexhausted claim raised pursuant to *California v. Trombetta*, 467 U.S. 479-89 (1984) (Ground II) of the amended petition.  Petitioner raised this claim on direct appeal, however, he acknowledges that the claim, as raised in the amended petition, transforms the *Trombetta* claim into a previously unraised *Brady* claim and places the claim in a stronger posture than the claim raised below.  (Dkt. 34 at 115-16).  The claim, as it is presented in the amended petition, was raised for the first time in Petitioner's second application for post-conviction relief.  Respondent maintains this claim also is unexhausted and subject to an anticipatory bar.  Therefore, any discovery related to this claim would not be properly before this Court. *See Williams*, 380 F.3d at 975-76.

Respondent further alleges Petitioner's requests for documents and files concerning all witnesses on the State's witness list or presented at trial (Request No. 2); all files and documents setting forth any manuals, polices, procedures, or protocols regarding ex parte communications with the LeFlore County Court and the court's open access to records and exhibits (Request No. 5); all law enforcement files and documents concerning plea negotiations concerning this case (Request No. 6); all documents relating to EMT Derrick Cheely's involvement in and knowledge of this case (Request No. 25); whether video or audio equipment was available at the Talihina Police Department in February 2012 for recording interviews (Interrogatory No. 16); and why EMT Cheely did not testify at trial

(Interrogatory No. 17) appear totally unrelated to any claim raised in the amended petition.

After careful review, the Court finds Petitioner clearly has failed to meet his burden to demonstrate the materiality of this requested information. *See Williams*, 380 F.3d at 974 ("Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'") (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997))

Although Petitioner has set forth cases related to *Brady* claims, he has failed to articulate what he intends to discover through his requests for discovery or how such evidence would be a proper part of the record before this Court. With respect to his argument that Respondent has a continuing duty to disclose evidence pursuant to *Brady*, he has cited no Supreme Court or lower court authority which gives prosecutors in habeas cases the same affirmative duty to investigate as that of a district attorney at the time of trial. The absence of Supreme Court case law is dispositive of Petitioner's claim. *See House v. Hatch*, 527 F.3d 1010, 1017 (10th Cir. 2008) (holding the absence of clearly established law is dispositive, and the Supreme Court must have expressly extended the legal rule to that context).

As stated above, discovery is not intended to allow "fishing expeditions." Petitioner has failed to establish "good cause," reasons for the discovery requests, or diligence. *See* Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

**ACCORDINGLY**, Petitioner's motion for discovery (Dkt. 35) is DENIED.

**IT IS SO ORDERED** this 29th day of September 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma