IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONNIE LEE HARRIS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV 20-282-RAW-KEW |
| ) | |
| **CHRISTE QUICK, Acting Warden,** ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on Petitioner Donnie Lee Harris's motion for stay and abeyance of his federal habeas corpus proceedings (Dkt. 48). He asks "to permit the Oklahoma Court of Criminal Appeals (OCCA) an opportunity to adjudicate his arguably unexhausted claims" that were presented in two successive state post-conviction applications. *Id.* at 1.

The record shows that Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 30, 2021 (Dkt. 23). A week later, on August 6, 2021, he filed an unopposed motion for federal counsel to file subsequent state post-conviction application(s) to exhaust legal claims involving alleged violations of Petitioner's federal rights that were raised in the habeas petition (Dkt. 24). The motion was granted on August 13, 2021 (Dkt. 25), and Petitioner filed the successive post-conviction applications in the OCCA on September 23, 2021, and February 7, 2022, in Case Nos. PCD-2021-962 and PCD-2022-137. *See* Oklahoma State Courts Network (OSCN) at https://www.oscn.net. The applications still are pending before the OCCA. *Id.*

Respondent filed a response in opposition to the petition on November 26, 2021 (Dkt. 33), and on December 17, 2021, Petitioner filed an amended habeas petition (Dkt. 34). On February 15, 2022, Respondent filed a response to the amended petition (Dkt. 40), and Petitioner filed a reply to Respondent's response to the amended petition on April 18, 2022 (Dkt. 44).

On May 2, 2022, Respondent filed a response in opposition to Petitioner's request for a stay and abeyance of the proceedings, noting that "Petitioner, in passing, asked this Court for a stay" in his reply brief (Dkt. 46 at 2). Respondent, however, asserts that Petitioner is not entitled to such a stay under *Rhines v. Weber*, 544 U.S. 269 (2005) (Dkt. 46 at 6-9). While Respondent concedes she did not object to Petitioner's presenting his unexhausted claims to the OCCA, Respondent now opposes Petitioner's request for a stay while the state court adjudicates the additional claims. Respondent alleges Petitioner has failed to establish the requirements set forth in *Rhines*. *Id.*

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Despite finding a stay and abeyance may be proper if the above requirements are met,

the Supreme Court noted that the practice of stay and abeyance must be limited or else the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) would be undermined. *Id*., 544 U.S. at 276-278. Specifically, the Supreme Court noted that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and it "also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id*., 544 U.S. at 277-278 (citation omitted).

Petitioner raised the following claims in his first subsequent post-conviction application in Case No. DPC-2021-962:

> Proposition I: The trial court's refusal to permit Mr. Harris the opportunity to present expert testimony critical to his defense violated his rights to due process of law, to a fair trial and reliable sentencing proceeds, to compulsory process, to the effective assistance of counsel, and to testify on his own behalf.
>
> Proposition II: The loss by the State of the cigarette lighter alleged to be the ignition source of the fire violated Mr. Harris's constitutional rights to due process, a fair trial, and a meaningful appeal with effective assistance of counsel.
>
> Proposition III: The State's failure to disclose favorable impeachment evidence regarding a key trial witness violated Mr. Harris's right to due process.
>
> Proposition IV: The state violated Mr. Harris's right to due process by failing to correct the false testimony of a key witness.
>
> Proposition V: Mr. Harris was deprived of the effective assistance of counsel in violation of his Sixth, Eighth, and Fourteenth Amendment rights.

3

>Proposition VI: Mr. Harris's execution would be constitutionally intolerable because he can make a truly persuasive showing that he is actually innocent.
>
>Proposition VII: The accumulation of errors violated Mr. Harris's rights to due process and a fair capital sentencing.

*See* OSCN record for PCD-2021-962, application filed on September 23, 2021.

Petitioner presented the following additional claims in his second subsequent post-conviction application in Case No. DPC-2022-137:

>Proposition I: The State's failure to disclose favorable impeachment evidence regarding a key trial witness violated Mr. Harris's right to due process.
>
>Proposition II: Mr. Harris was deprived of the effective assistance of counsel in violation of his Sixth, Eighth, and Fourteenth Amendment rights.
>
>Proposition III: The accumulation of errors violated Mr. Harris's rights to due process and a fair capital sentencing.

*See* OSCN record for PCD-2022-137 application filed on February 7, 2022.

In *Rhines*, the Court found "a federal district court has discretion to stay a mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Id.*, 544 U.S. at 271-72. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (citations omitted) ("[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."). In *Rose v. Lundy*, 455 U.S. 509, 518 (1982), the Court made clear the total exhaustion rule is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Petitioner maintains that the proceedings have begun and should not be disrupted.

Respondent opposes a stay and abeyance, arguing she did not agree to a stay, Petitioner cannot satisfy *Rhines* because the claims are procedurally barred, the OCCA will refuse to consider them pursuant to an independent and adequate state procedural bar, and Petitioner cannot demonstrate cause or prejudice or a fundamental miscarriage of justice (Dkt. 51). Respondent further asserts Petitioner's claims fail to show good cause or that the claims have merit that would justify habeas relief. Respondent also argues that the failure to present the unexhausted claims to the OCCA when they would not have been procedurally defaulted was the result of Petitioner's lack of diligence, not a consequence of the COVID-19 pandemic as Petitioner claims. *Id.* at 9.

Petitioner argues his successive post-conviction claims are potentially meritorious, and he has good cause for his failure to exhaust the claims in state court before filing his habeas petition (Dkt. 53). He alleges he lacked access to the fire's alleged ignition source, a cigarette lighter. This lack of access occurred because of the trial court's denial of a continuance in response to Certified Fire Investigator David Smith's medical emergency, and on direct appeal and post-conviction because of the State's loss of the evidence. Petitioner also claims the State failed to disclose *Brady* material, and post-conviction counsel was ineffective. Petitioner further asserts that exhaustion of all claims before expiration of the statute of limitations was impossible because of the full effects of the COVID-19 pandemic on his case.

In *Tryon v. Sharp*, No. 19-cv-195-J (W.D. Okla. Oct. 1, 2020), the Western District

of Oklahoma decided a case in the same posture. The habeas petitioner filed a successive post-conviction application pursuant to an unopposed request, after the habeas petition was filed. The Western District determined it was "appropriate to defer action on [the] matter until the state court has had an opportunity to dispose of the claims raised in Petitioner's subsequent application for state post-conviction relief." *Id.*, slip op. at 2. The Western District Court explained:

> As a matter of comity and federalism, "state courts must have the first opportunity to decide a [habeas] petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Thus, a "court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* at 274 (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). This exhaustion requirement is codified in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides that, apart from two narrow exceptions, habeas relief shall not be granted unless the remedies available in state court have been exhausted. 28 U.S.C. § 2254(b)(1). Additionally, AEDPA does not deprive a district court of its inherent authority to stay proceedings where appropriate. *Rhines*, 544 U.S. at 277.

*Tryon*, slip op. at 1-2.

After careful review, the Court finds Petitioner should be granted a stay and abeyance to exhaust his post-conviction claims in the OCCA.

**ACCORDINGLY,** Petitioner's motion for stay and abeyance of habeas corpus proceedings (Dkt. 48) is GRANTED.

**IT IS SO ORDERED** this 27th day of February 2023.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

6